UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VANOIL COMPLETION SYSTEMS, LLC** | **CASE NO. 6:18-CV-00412** |
| **VERSUS** | **DISTRICT JUDGE SUMMERHAYS** |
| **PTC DO BRASIL TECNOLOGIA EM PETROLEO LTDA** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Partial Summary Judgment on Prescription [ECF No. 52] filed by plaintiff Vanoil Completion Systems, LLC ("Vanoil"). PTC Do Brasil Tecnologia Em Petroleo LTDA ("PTC Brasil") has filed an opposition. [ECF No. 65] For the following reasons, the motion is GRANTED.

## I.
### BACKGROUND

The events leading up to the present case are not disputed. In 2011 and 2016, PTC Brasil submitted several purchase orders for gas-lift mandrels manufactured by Vanoil, and PTC Brasil took delivery of the mandrels. [ECF No. 52-1 at 1-2] PTC Brasil accepted the last shipment of mandrels on May 10, 2016. [*Id.*] In May and July 2016, PTC Brasil notified Vanoil that two of the mandrels delivered in 2012 had exhibited potential manufacturing defects. [*Id.*] PTC Brasil then refused to pay the outstanding amounts owed for all the mandrels that had been delivered, refused to return them, placed them in "quarantine," and began extensive testing on the Vanoil mandrels. [*Id.*]

On February 9, 2018, Vanoil filed a Petition on Open Account in the 15th Judicial District Court for the Parish of Lafayette, seeking payment of the outstanding balance for mandrels ordered between March and June 2016. [ECF No. 1-1 at 1-3] On March 9, 2018, Vanoil amended its petition. [ECF No. 1-1 at 33] PTC Brasil filed a Notice of Removal to this Court on March 26, 2018. [ECF No. 1] On November 2, 2018, PTC Brasil filed an Answer and Counterclaim, asserting claims including "redhibition, misrepresentation, breach of warranties and breach of contract" based on alleged defects in the manufacture of delivered mandrels. [ECF No. 27 at 10] Vanoil answered PTC Brasil's counterclaim on November 21, 2018. [ECF No. 28] Vanoil filed a Second Amended and Restated Complaint on November 25, 2019, adding details regarding the history of the parties' business relationship and seeking to add Petroleum Technology Company AS as an additional defendant. [ECF No. 40] Vanoil then filed the instant motion, arguing that PTC Brasil's claim for redhibition is prescribed. [ECF No. 52]

## II.
## STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the

burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the [finder of fact] is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "That said, the court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Matter of Green*, 968 F.3d 516, 521 (5th Cir. 2020)(citing *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016))(internal quotations omitted). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

# III.
## ANALYSIS

Vanoil argues that PTC Brasil's redhibition counterclaim prescribed before it was filed. [ECF No. 52-1 at 1] Vanoil points to several documents propounded by PTC Brasil in discovery as revealing that PTC Brasil knew or had reason to know about the alleged defects in the mandrels as early as May 2016. [ECF No. 52-1 at 3-5] These documents include emails from Roberto Nogueira, Regional Manager of PTC Brasil, to Chris Mayo, president of Vanoil, in May and June 2016, notifying Mayo that Vanoil mandrels delivered in 2012 had failed. [ECF Nos. 52-4, 52-5] They also include analyses and reports dating from October 4, 2016 through July 24, 2017. [ECF Nos. 52- 9 through 52-13] A December 2016 report prepared by PTC Brasil's customer, Petrobras, titled "ESS Failure Analysis," concluded that the mandrels were defective in their hardness (due to the method of heat treatment), welding design, and composition of weld metal, and that these defects led to the failure of the mandrels. [ECF No. 52-11 at 44, 57-59] On the basis of these documents, Vanoil argues that the allegedly redhibitory defects that are the basis for PTC Brasil's counterclaim were discovered by PTC Brasil by July 2017 at the latest, and therefore the one-year period of prescription for redhibition claims had run before PTC Brasil filed its Answer and Counterclaim in November 2018. [ECF No. 52-1 at 1]

PTC Brasil does not appear to dispute that it knew or had reason to know of the alleged defects in 2016 or 2017, but argues that the redhibition claim has not prescribed because Vanoil accepted one or more mandrels returned by PTC Brasil in January 2018. [ECF No. 65-1 at 1] PTC Brasil further argues that none of its other claims have prescribed,[1] and that even if the redhibition claim has prescribed, it is still available to PTC Brasil as a defense. [ECF No. 65 at 10-14]

---

[1] Vanoil's motion specifically addresses PTC Brasil's redhibition claim. PTC Brasil argues that, in addition to redhibition, its counterclaim asserts claims for breach of contract, breach of warranty, and

A defect is redhibitory if it either (a) renders the thing useless or so inconvenient that it must be presumed that a buyer either would not have bought the thing if he had known of the defect, or (b) diminishes the value of the thing such that it must be presumed that the buyer would have bought it for a lesser price. La. Civ. Code Ann. art. 2520. A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of the thing. La. Civ. Code Ann. art. 2545. An action in redhibition prescribes one year from the day the defect was discovered by the buyer. La. Civ. Code Ann. art. 2534(A)-(B). Prescription is interrupted if a seller accepts the defective thing *for repairs*, and is suspended until the seller either returns the thing to the buyer or notifies the buyer of the seller's refusal or inability to repair it. La. Civ. Code Ann. art. 2534(C) (emphasis added).

Prescription in a suit in redhibition is triggered by actual or constructive knowledge of the defect. *See Moore v. Chevron USA*, 16-0805 (La. App. 1 Cir. 5/25/17), 222 So.3d 51, 54, *writ denied*, 17-1085 (La. 10/16/17), 228 So.3d 1221. Constructive knowledge for these purposes consists of "whatever notice is enough to excite attention and put the injured party on guard or call for inquiry," *Moore*, 222 So.3d at 54 (quoting *Hogg v. Chevron USA*, Inc., 09-2632 (La. 7/6/10), 45 So.3d 991, 997), or "the acquisition of sufficient information, which, if pursued, will lead to the true condition of things." *Id.* (citing *Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), 48 So.3d 234, 246) (internal citations omitted).

---

misrepresentation. The jurisprudence suggests that some of PTC Brasil's claims other than redhibition might also be subject to the one-year limitations period for redhibition since these claims also appear grounded on allegations of a redhibitory defect. *See, e.g., Bottinelli Real Estate, L.L.C. v. Johns Manville, Inc.,* 2019-0619 (La. App. 4 Cir. 12/27/19), 288 So. 3d 179; *Stone Energy Corp. v. Nippon Steel*, No. 6:18-CV-00213, 2020 WL 4364216 (W.D. La. July 28, 2020) (discussing the interplay between redhibition and other warranties). However, because Vanoil's motion does not address the prescriptive period applicable to these other claims, the Court will address prescription of the redhibition claim alone.

A prescribed obligation may nevertheless be used as a defense "if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff." La. Code Civ. Proc. Ann. art. 424. A prescribed claim for redhibition can be used as the basis of an offset. *See Dixie Bldg. Materials Co. v. Bob L. Whittington & Assocs., Inc.*, 588 So. 2d 78, 78 (La. 1991); *see also Hennessey Const. Corp. v. Halpern, 2006-1099* (La. App. 4 Cir. 1/31/07), 952 So. 2d 739 (upholding dismissal of claims against defendant as prescribed but reversing to the extent the judgment precluded another party from raising the prescribed claims for purposes of set off).

The summary judgment record reflects that more than one year elapsed between the time PTC Brasil either knew or had reason to know of the defects in the mandrels and November 2, 2018, when the Answer and Counterclaim was filed. As noted above, Nogueira informed Mayo of multiple failures of Vanoil mandrels in May and June of 2016, and even suggested that the failures endangered PTC Brasil's position vis-à-vis Petrobras. [ECF No. 52-4, 52-5] Petrobras' December 2016 analysis determined that at least one failure was the result of defects in manufacturing. [ECF No. 52-11] Hardness tests performed at the request of PTC Brasil in July 2017 also apparently revealed defects related to the mandrels' hardness. [ECF No. 52-11 at 55, 57-58; ECF No. 52-13] This supports Vanoil's position that the July 2017 tests were part of PTC Brasil's investigation of a known or suspected defect.

Furthermore, the summary judgment record also includes a report by Professor Sergio Souto Maior Tavares, which was attached to Vanoil's motion. [ECF No. 52-10] This report states that Professor Tavares was commissioned by PTC Brasil to determine how to treat the mandrels so as to reduce their hardness so that they would conform with PTC Brasil's standards. [ECF No. 52-10] This is also described as the purpose of Professor Tavares's analysis in a report by PTC Brasil's expert Rashmi Bhavsar, which was issued on November 19, 2019. [ECF No. 52-14] The

Bhavsar report was also submitted by PTC Brasil, however, to support the claim that the Vanoil mandrels were not fit for their intended use and did not conform to the specifications in the contract. [ECF No. 65-3] The fact that PTC Brasil undertook extensive testing of the mandrels alone suggests that PTC Brasil was on notice of defects in the mandrels. *Moore*, 222 So.3d at 54. The record therefore indicates that PTC Brasil had actual or constructive knowledge of the allegedly redhibitory defects in the mandrels by at least July 2017, and therefore prescription started to run at that time, if not earlier.

PTC Brasil suggests that prescription was interrupted by Vanoil's acceptance of a delivery of mandrels that were returned to it in January 2018. [ECF No. 65 at 8; 65-1 at 2] Prescription of a redhibition claim is interrupted if the defective good is returned *for repair*; prescription is interrupted until the seller either returns the thing or notifies the buyer of his refusal or inability to repair it. La. Civ. Code Ann. art. 2534. (emphasis added) Here, PTC Brasil provides no summary judgment evidence nor points to any facts suggesting that any of the mandrels were returned for repair. Nor does PTC Brasil point to a basis for interrupting prescription by a mere return of some of the mandrels that were defective.[2] PTC Brasil has the burden here of establishing that prescription was interrupted. It has not pointed to any competent summary judgment evidence that creates a genuine question of material fact on this issue. Accordingly, the motion is GRANTED.

Because Vanoil's motion is limited to whether the claim of redhibition has prescribed, the Court will not address, nor will this decision affect, the use of any claims as defenses or any potential offset or set off.

---

[2] PTC Brasil asserts that nine mandrels were returned, but does not indicate the total number of mandrels supplied by Vanoil. [ECF No. 65 at 5 n.1]

## IV.
### CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Vanoil Completion Systems, LLC's Motion for Partial Summary Judgment on Prescription [ECF No. 52] is GRANTED. PTC Brasil's claim for redhibition is DISMISSED.

THUS DONE AND SIGNED in Chambers on this 8th day of October, 2020.

*[signature]*

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**