UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VANOIL COMPLETION SYSTEMS, LLC** | **CASE NO. 6:18-CV-00412** |
| **VERSUS** | **DISTRICT JUDGE SUMMERHAYS** |
| **PTC DO BRASIL TECNOLOGIA EM PETROLEO LTDA** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Pending before the Court is "Vanoil Completion Systems, LLC's Motion To Review Magistrate's Ruling On Its Motion To Compel Production Of Certain Portions And/Or Slices Of The JUB-45 Mandrel" [ECF No. 73] filed by Vanoil Completion Systems, LLC ("Vanoil"). Vanoil appeals a discovery ruling by the Magistrate Judge. [ECF No. 72] PTC Do Brasil Tecnologia Em Petroleo LTDA ("PTC Brasil") has filed an opposition [ECF No. 76], to which Vanoil has filed a reply. [ECF No. 77] For the following reasons, the Court AFFIRMS the Magistrate Judge's discovery ruling AS MODIFIED below.

### I.
#### BACKGROUND

In January 2011, PTC Brasil ordered eight chemical injection mandrels from Vanoil, and took delivery of the mandrels in June 2012 (the "2012 mandrels"). [ECF No. 54-1 at 2] Between March and June 2016, PTC Brasil ordered additional mandrels, and took delivery of them in April and May 2016 (the "2016 mandrels"). [*Id.*] Certain of the 2012 and 2016 mandrels were subsequently sold by PTC Brasil to Petrobras, and one of these mandrels was installed on an offshore well designated "JUB-45" (the "JUB-45 mandrel"). [ECF No. 63 at 15] In May 2016, the JUB-45 mandrel failed while operating in a well. [*Id.*] PTC Brasil notified Vanoil of the failure,

placed the remaining Vanoil mandrels in "quarantine," and began extensive testing on all Vanoil-produced mandrels. [ECF No. 78 at 1] PTC Brasil also refused to pay the outstanding amounts owed for all the mandrels that had been delivered. [*Id.*] Petrobras conducted its own failure analysis on the JUB-45 mandrel and issued a report on its failure analysis in December 2016. [ECF No. 54-8] During this period another Vanoil mandrel failed, and Petrobras returned portions of the JUB-45 mandrel to PTC Brasil for testing in order to determine whether the quarantined mandrels could be remediated. [ECF No. 70 at 2] PTC Brasil created a remediation protocol, remediated many of the remaining mandrels in its possession, and was able to sell several of them. [ECF No. 70 at 4-5]

On February 9, 2018, Vanoil filed a Petition on Open Account in the 15th Judicial District Court for the Parish of Lafayette, seeking payment of the unpaid balance for mandrels ordered between March and June 2016. [ECF No. 78 at 2] On March 9, 2018, Vanoil amended its petition. [*Id.*] PTC Brasil filed a Notice of Removal to this Court on March 26, 2018. [*Id.*] On November 2, 2018, PTC Brasil filed an Answer and Counterclaim, asserting claims including "redhibition, misrepresentation, breach of warranties and breach of contract" based on alleged defects in the manufacture of delivered mandrels. [*Id.*] Vanoil answered PTC Brasil's counterclaim on November 21, 2018. [*Id.*] Vanoil filed a Second Amended and Restated Complaint on November 25, 2019, adding details regarding the history of the parties' business relationship and seeking to add Petroleum Technology Company AS ("PTC Norway") as an additional defendant. [*Id.*] This Court previously dismissed PTC Brasil's claim for redhibition, on Vanoil's motion. [ECF No. 79]

During the course of litigation, Vanoil filed a motion to compel discovery, alleging that PTC Brasil was refusing to allow inspection of the allegedly defective mandrels in its possession and requesting that PTC Brasil be ordered to deliver the mandrels (including the remaining pieces

of the JUB-45 mandrel that failed) to Vanoil's office in Broussard, Louisiana for inspection. [ECF No. 44] Vanoil also requested an extension of the deadline to produce expert reports. [*Id.*] PTC Brasil objected, arguing that it had not refused to allow inspection. [ECF No. 48] Rather, PTC Brasil argued that the mandrels should be inspected in Brazil because of the expense and time involved in shipping the mandrels to Houston. [*Id.*] According to PTC Brasil, Vanoil refused its offers to make the mandrels available in Brazil. [*Id.*] Magistrate Judge Hanna ordered the parties to submit supplemental memoranda on issues related to the motion [ECF No. 68], which they did. [ECF Nos. 69, 70] Vanoil clarified that it seeks return of five (5) mandrels that remain in PTC Brasil's custody, as well as any remaining portions of the JUB-45 mandrel in the custody of PTC Brasil or Petrobras. [ECF No. 69 at 2] Vanoil additionally described the physical and chemical analyses and inspections it wished to perform, and requested return of the mandrels and mandrel parts to Vanoil for testing in Houston, Texas. [*Id.* at 3-4] PTC Brasil argued that it cannot export the relevant portions of the JUB-45 mandrel because they are owned by Petrobras, and asserted that the remaining mandrels in its possession have been heat-treated to cure the alleged defect; accordingly, the inspection Vanoil seeks to perform would be futile. [ECF No. 70]

After submission of these memoranda, Magistrate Judge Hanna issued an order on Vanoil's motion to compel. [ECF No. 72] While the order did not provide specific reasons, Judge Hanna ordered that (1) the remaining portions of the JUB-45 mandrel need not be tested; (2) PTC Brasil was to deliver two (2) of the remaining five (5) mandrels to Houston for testing by Vanoil; (3) any testing performed by Vanoil be coordinated with PTC Brasil's expert so that he might also be present; (4) PTC Brasil provide Vanoil with advance notice of any simultaneous testing it intended to perform on the mandrels; and (5) the parties exchange details of any testing or remediation already performed on any of the mandrels or mandrel pieces that form the basis of this suit. [*Id.*]

Vanoil has filed an objection to the Magistrate Judge's order, seeking an order that it be allowed to inspect and test those portions of the JUB-45 mandrel that are in the possession of PTC Brasil and Petrobras. [ECF No. 73] PTC Brasil argues the order on the motion to compel should be affirmed in its entirety. [ECF No. 76]

## II.
### APPLICABLE STANDARD

A Magistrate Judge's discovery ruling that is not dispositive of a party's claim or defense is subject to a "clearly erroneous" standard of review upon timely objection. Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A). A ruling is "clearly erroneous" if, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2008)(quoting *United States. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Where, as here, the complained-of ruling does not state specific reasons, the Court may consider the entire record related to the underlying motion in determining whether to review, adopt, modify, or overturn the ruling. *See Certain Underwriters at Lloyd's & Inst. Companies v. Angelina Cas. Co.*, No. CIV.A. 90-1796, 1991 WL 81834, at *1 (E.D. La. May 16, 1991).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case," considering factors such as the importance of the issues at stake, the parties' relative access to the information, and whether the expense of proposed discovery outweighs its likely benefit. Fed. R.Civ. P. 26(b)(1). Within this scope of allowable discovery, a party may serve on another a request to permit inspection or testing of any designated tangible thing within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a). Such a request must specify a reasonable time, place, and manner for inspection and related acts. Fed. R. Civ. P. 34(b)(1)(B). The responding party must

either state that inspection and testing will be permitted as requested or give reasons for objecting. Fed. R. Civ. P. 34(b)(2)(B). A party may move for an order compelling discovery or disclosure by a party failing to make disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Such a motion may request an order compelling production or inspection under certain circumstances, including if a deponent fails to answer a question, if a corporation fails to make a designation, if a party fails to answer an interrogatory, or if a party fails to permit inspection. Fed. R. Civ. P. 37(a)(3)(B). A district court has broad discretion in all discovery matters. *Crain v. City of Selma*, 952 F.3d 634, 639 (5th Cir. 2020)(citing *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013)). Discovery should be limited if the matters sought are unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient or less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i).

### III.
#### ANALYSIS

In the motion to compel, Vanoil sought an order compelling PTC Brasil to deliver the allegedly defective mandrels to Broussard, Louisiana for inspection and testing. [ECF No. 44 at 7] Vanoil argued that these mandrels are relevant to PTC Brasil's defenses and counterclaims and that inspection of the mandrels is thus crucial to its case. [ECF No. 44-5 at 7-8] Vanoil also asserted that PTC Brasil's refusal to return the mandrels on the grounds that shipping the mandrels to the United States and back to Brazil would be unduly burdensome is "nonsensical." [ECF No. 44-5 at 3-4] PTC Brasil argued that it has not refused to produce the mandrels but that any inspection should be performed in Brazil, that the original request for production made no mention of testing, and that Vanoil did not object to prior testing and remediation measures on the mandrels despite having notice of these actions. [ECF No. 48] Vanoil later clarified that it sought return of the remaining pieces of the failed JUB-45 mandrel in addition to a selection of the remaining mandrels

and wished to perform destructive mechanical and chemical testing on the mandrels. [ECF No. 69] PTC Brasil argued that it cannot export the pieces of the JUB-45 mandrel in its possession because they belong to Petrobras, that the part of the JUB-45 mandrel that is most relevant to a failure analysis – the part exhibiting the origin of the crack in the mandrel – is still in the possession of Petrobras, and that testing of the remaining mandrels would be futile because their metallurgical properties were changed by PTC Brasil's remediation. [ECF No. 70]

Vanoil only seeks reversal of the Magistrate Judge's order to the extent that it does not allow Vanoil further inspection of the remaining pieces of the failed JUB-45 mandrel. Vanoil argues that the order is clearly erroneous because the JUB-45 mandrel portions form the basis of PTC Brasil's case, and without the ability to perform its own inspection or testing, Vanoil must rely solely on PTC Brasil's expert's opinion. [ECF No. 73-1 at 9-12] PTC Brasil argues that it cannot export the portions of the JUB-45 mandrel because they belong to Petrobras, that exportation of the portions is either impossible or unduly burdensome because they are not part of PTC Brasil's inventory, that it has shared with Vanoil the test results on which its expert report is based (as PTC Brasil's expert has not inspected or tested the JUB-45 mandrel portions), and that Vanoil has changed its position on the importance of the JUB-45 mandrel pieces over the course of the case. [ECF No. 76][1]

The record does not suggest that PTC Brasil has refused to permit inspection of the mandrels. Indeed, PTC Brasil's "Response to Request for Production No. 77" states that "Vanoil

---

[1] Vanoil emphasizes that PTC Brasil's expert's report only mentions the JUB-45 mandrel specifically as evidence that it was the only mandrel tested. [*See* ECF No. 73-1 at 11] The expert's report does mention, however, that other mandrels were tested and repaired or remediated. [ECF No. 54-7 at 15] Furthermore, PTC Brasil asserts that its expert has not performed any testing on the JUB-45 mandrel portions, and that his opinions related thereto are based on his examination of the results of prior testing of the mandrel after it failed [ECF No. 76 at 16], which would explain the emphasis on the JUB-45 mandrel in all reports and tests.

may conduct an inspection at the place where the mandrels are presently located in Brazil…." [ECF No. 73-1 at 4-5] PTC Brasil asserts that the Magistrate Judge declined to order Vanoil's representative to travel to Brazil due to the COVID-19 pandemic, and preferred that the mandrels be shipped for inspection, as reflected in the order of June 5, 2020. [ECF No. 76 at 7]

The Magistrate Judge's ruling is not clearly erroneous. The parties do not dispute most of the Magistrate Judge's order, and therefore do not dispute that performing testing or inspection on two of the remaining mandrels will suffice to draw helpful conclusions about the other mandrels purchased by PTC Brasil. However, the remaining mandrels have been remediated and their structure and characteristics therefore altered. Testing of these remediated mandrels may not reflect the original conditions of the mandrels prior to remediation. In contrast, the pieces of the failed JUB-45 mandrel have presumably not been remediated in the same way as the other remaining mandrels, and testing of the pieces may be more relevant to PTC Brasil's claims and defenses as the only extant examples of the mandrels' characteristics prior to remediation. As PTC Brasil had the benefit of performing its own testing and analysis on the mandrel remains, Vanoil should also have the opportunity to inspect or test them. Vanoil's inspection or testing of the JUB-45 mandrel remains would not be unreasonably duplicative, nor can the relevant information be obtained from another more convenient source. However, the Court agrees with the Magistrate Judge that PTC Brasil should not be required to deliver the JUB-45 mandrel pieces to the United States, but instead make them available for testing and inspection in Brazil.

Considering the likely benefits of production of those remains, as well as the burden and expense involved in the production thereof, and the state of the ongoing COVID-19 pandemic, the Court AFFIRMS the Magistrate Judge's order with the modification that PTC Brasil shall make the JUB-45 mandrel pieces available to Vanoil in Brazil. In the event Vanoil requests inspection

or testing of the remains of the JUB-45 mandrel, PTC Brasil shall make available for inspection or testing in Brazil those portions of the failed JUB-45 mandrel that are in its possession. The Court will not, however, require PTC Brasil to make available for inspection pieces of the JUB-45 mandrel that are now in the possession of Petrobras. Those pieces of the JUB-45 mandrel are no longer in PTC Brasil's possession, custody, or control. In all other respects, Magistrate Judge Hanna's order is AFFIRMED by this Court.

## IV.
### CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Magistrate Judge's Order [ECF No. 72] is AFFIRMED with the modification that in the event Vanoil requests inspection or testing of the remains of the JUB-45 mandrel, PTC Brasil shall make available for inspection or testing in Brazil those portions of the JUB-45 mandrel that are in its possession. In all other respects, Magistrate Judge Hanna's order is AFFIRMED by this Court.

THUS DONE AND SIGNED in Chambers on this 22nd day of February, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**